## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| FBI WIND DOWN, INC. (f/k/a Furniture Brands International, Inc.), et al., | Case No. 13-12329 (CSS) |
| Debtors.[1] | Jointly Administered |

-----------------------------------------------------------------------x

| | |
|---|---|
| FBI WIND DOWN, INC. LIQUIDATING TRUST, by and through Alan D. Halperin, as Liquidating Trustee, | |
| Plaintiff, | Adv. Proc. No. (as identified on Exhibit "1") |
| - against - | |
| DEFENDANTS IDENTIFIED ON EXHIBIT "1", | **Objection Deadline:** October 21, 2015 at 4:00 p.m. (ET) |
| Defendant. | **Hearing Date:** November 17, 2015 at 10:00 a.m. (ET) |

-----------------------------------------------------------------------x

### MOTION OF THE FBI WIND DOWN, INC. LIQUIDATING TRUSTEE FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS COMMENCED PURSUANT TO SECTIONS 547, 548 AND 550 OF THE BANKRUPTCY CODE

Alan D. Halperin as the Liquidating Trustee (the "Liquidating Trustee") of the

FBI Wind Down, Inc. Liquidating Trust, (the "Liquidation Trust"), by and through its co-

counsel, Hahn & Hessen LLP, Blank Rome LLP and Whiteford, Taylor & Preston LLC,

respectfully requests entry of an order, substantially in the form annexed hereto as Exhibit A (the

"Proposed Order"), establishing certain procedures (the "Proposed Procedures") to govern

claims asserted, and adversary proceedings commenced, by the Liquidating Trustee pursuant to

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: FBI Wind Down, Inc. (7683); AT Wind Down, Inc. (7587); BFI Wind Down, Inc. (3217); BHF Wind Down, Inc. (8844); BR Wind Down, Inc. (8843); BT Wind Down, Inc. (1721); FBH Wind Down, Inc. (2837); FBO Wind Down, Inc. (4908); FBRC Wind Down, Inc. (1288); HFI Wind Down, Inc. (7484); HR Wind Down, Inc. (6125); HT Wind Down, Inc. (4378); LFI Wind Down, Inc. (5064); LHFR Wind Down, Inc. (9085); LV Wind Down, Inc. (8434); MSFI Wind Down, Inc. (7486); TFI Wind Down, Inc. (6574); THF Wind Down, Inc. (3139); and TR Wind Down, Inc. (6174).

11 U.S.C. §§ 547, 548 and 550 (the "Motion").  In support hereof, the Liquidating Trustee

respectfully states as follows:

## JURISDICTION AND VENUE

1.    The Court (defined below) has subject matter jurisdiction over this

Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.    Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    Consideration of this Motion is a core proceeding pursuant to 28

U.S.C. §§ 157(b)(2)(A), (B), (F), (H) and (O).

## BACKGROUND

4.    On September 9, 2013 (the "Petition Date"), FBI Wind Down, Inc. (f/k/a

Furniture Brands International, Inc.) and eighteen (18) affiliated companies (collectively, the

"Debtors") each filed in the United States Bankruptcy Court for the District of Delaware (the

"Court") a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code").

5.    On or about May 27, 2014, the Debtors filed their Amended Joint Plan Of

Liquidation of FBI Wind Down, Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy

Code (as confirmed, the "Plan") [D.I. 1629] and related disclosure statement (the "Disclosure

Statement") [D.I. 1630].

6.    On July 14, 2014, the Court entered an Order (the "Confirmation Order")

confirming the Plan [D.I. 1840].  Pursuant to the Plan and Confirmation Order, the Liquidating

Trustee was appointed as of the Effective Date (as defined in the Plan), which occurred on

August 1, 2014.  Pursuant to section 7.3 of the Plan and paragraph 11 of the Confirmation

Order, the Liquidating Trustee has the sole right to pursue and settle any existing or potential

Causes of Action (as defined in the Plan), including any causes of action arising under chapter 5 of the Bankruptcy Code including sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552 and/or 553 or comparable provisions of applicable non-bankruptcy law.  Pursuant to section 9.1 of the Plan, the Liquidating Trustee has the exclusive authority to file objections to, and settle, compromise, withdraw or litigate to judgment objections to any and all claims.

7.    On the Effective Date, Alan D. Halperin became the Liquidating Trustee pursuant to the FBI Wind Down, Inc. Liquidation Trust Agreement (the "Trust Agreement").

8.    In April, May and June of 2015, the Liquidating Trustee caused demand letters (the "Demand Letters") to be sent to approximately four hundred and fifty (450) transferees requesting the return of transfers the Liquidating Trustee believed were preferential pursuant to sections 547 and 550 of the Bankruptcy Code.  Since the mailing of the Demand Letters, the Liquidating Trustee has worked with every transferee that responded to a Demand Letter to evaluate the particular defenses raised by that responding transferee.  In doing so, the Liquidating Trustee has consensually resolved over two hundred and twenty-five (225) matters.

9.    In August and September of 2015, the Liquidating Trustee filed approximately two hundred and twenty five (225) adversary proceedings in this Court against a number of transferees (each a "Defendant" and collectively, the "Defendants"), seeking to avoid and recover preferential, and in the alternative, fraudulent transfers and object to claims (the "Avoidance Actions").

10.    The Liquidating Trustee believes that the Proposed Procedures requested in this Motion will promote cost-effective and timely resolution of the Avoidance Actions and

will reduce unnecessary litigation which will not benefit the Debtors' estates, the Defendants, or this Court.

## RELIEF REQUESTED

11.    By this Motion, the Liquidating Trustee respectfully requests that the Court implement the Proposed Procedures, detailed below, in connection with the prosecution of the Avoidance Actions by entering the Proposed Order.

12.    The Proposed Procedures are intended to avoid burdening the Court from the logistical challenges of handling over two hundred (200) Avoidance Actions, while also enabling the parties to fairly resolve the Avoidance Actions in an efficient and cost-effective manner.

13.    In general, the Proposed Procedures seek to: (a) extend the Defendants' time to answer the complaints up to an additional 90 days (*i.e.,* up to three (3) separate thirty (30) day extensions); (b) prohibit the filing of dispositive motions in each Avoidance Action until after such action has been mediated (to the extent such action is not settled); (c) stay formal discovery in each Avoidance Action until after such action has been mediated (to the extent such action is not settled); and (d) establish procedures for the mediation of each Avoidance Action.

14.    In addition, if the Court authorizes the Proposed Procedures, the Liquidating Trustee proposes providing the Court with a written status update ninety (90) days after entry of the Proposed Order (and every one hundred twenty (120) days thereafter). Each written report will list the status of each Avoidance Action and include the following information about each Avoidance Action, as applicable: (i) the case name and adversary proceeding number; (ii) the date the summons was served; (iii) the date a responsive pleading

was filed or is due; (iv) the date a Notice of Mediator Selection (defined herein) was filed and the name of the selected Mediator (defined herein); (v) the date the Mediator's Report (defined herein) was filed; (vi) whether the Avoidance Action has been consensually resolved; and (vii) the date on which any pretrial scheduling conference is scheduled or was held.

15.    The Liquidating Trustee believes that the implementation of the Proposed Procedures will maximize the potential for expeditious settlement of the Avoidance Actions before trial either through negotiations or as a result of the mediation process and will encourage settlements with Defendants who wish to avoid the expense of preparing and filing responsive pleadings and issuing, and responding to, discovery.

## BASIS FOR RELIEF

16.    The Liquidating Trustee seeks entry of the Proposed Order pursuant to sections 105(a), 547, 548 and 550 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") 7016 and 7026, Rules 7012-2 and 7016-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") and the Court's General Order Regarding Procedures in Adversary Proceedings, dated April 7, 2004 and related Amendment, dated April 11, 2005 (the "<u>General Orders</u>").

17.    Bankruptcy Rule 7016 affords courts significant flexibility and discretion in adopting and implementing procedures, such as the Proposed Procedures, in order to facilitate the "just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16 (made applicable pursuant to Bankruptcy Rule 7016).  Bankruptcy Rule 7016 also provides that courts may enter scheduling and other orders that limit the time to file motions and to complete discovery.  In addition, Bankruptcy Rule 7016 provides that such orders may include

modifications of the disclosures required under Bankruptcy Rule 7026, dates for conferences and trials and any other matters appropriate under the circumstances of the case.  Fed. R. Civ. P. 16.

18.    In addition to Bankruptcy Rule 7016, Bankruptcy Code section 105(a) grants bankruptcy courts broad authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code. That provision provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

19.    Local Rule 7012-2 provides that the deadline to respond to a complaint in an adversary proceeding may be extended for thirty (30) days by stipulation of the parties or, for a longer period of time, by order of the Court.

20.    Local Rule 7016-1(e) states as follows: "A motion for entry of an omnibus procedures … order in multiple adversary proceedings will not be considered by the Court prior to the date of the conference described in L.R. 7016-1(b), absent a showing of good cause." Pursuant to Local Rule 7016-1(b), at a pretrial scheduling conference, the Court may consider, among other matters, the possibility of settlement and the whether the matter could be resolved by mediation.

21.    The General Orders note the need for procedures to "reduce the delay in disposition of adversary proceedings" due to the large number of adversary proceedings pending before the Court and impose deadlines for mandatory mediation.

22.     Consistent with the Local Rules and General Orders, courts in this district have entered orders providing for relief similar in cases in which a debtor, creditors' committee or trustee filed a large number of avoidance actions.  *See, e.g., In re SemCrude, L.P.*, Case No. 08-11525 (BLS) (Docket No. 8394); *In re CEI Liquidation,* Case No. 09-14019 (KG) (Docket No. 1392); *In re WP Steel Venture LLC,* Case No. 12-11661 (KJC) (Docket No. 2820); *In re Exide Technologies*, Case No. 13-11482 (KJC) (Docket No. 4360).[2]

### PROPOSED PROCEDURES

23.     In light of this statutory and regulatory framework and practices and procedures of the Court, the Liquidating Trustee proposes that the following procedures apply to the Avoidance Actions:

**Stipulation to Extend Time for Defendants to Respond to the Complaint, Mediation before Response**

- Without further order of the Court, the Liquidating Trustee and any Defendant may stipulate to up to three (3) separate extensions of time for a Defendant to respond to the Complaint (the "Response Due Date"), with each extension to be no more than thirty (30) days each.  The stipulation must be in writing to be binding on the Liquidating Trustee, but does not need to be filed with the Court.

- If the parties jointly agree in writing (which writing shall be filed in the adversary proceeding) to enter into mediation prior to the Response Due Date, the Response Due Date shall be deferred while the mediation is pending.  If the mediation does not resolve the Avoidance Action, the Response Due Date shall be extended for an additional thirty (30) days following the filing of the mediator's report (the "Mediator's Report").

- Except as set forth above, further extensions of the Response Due Date shall not be granted except upon a motion approved by Order of the Court or by further stipulation of the Liquidating Trustee and Defendant.

---

[2] Similar orders have also been entered in other districts.  *See, e.g., In re Eastman Kodak Company,* 12-10202 (ALG) (Docket No. 6380);  *In re Dewey & LeBoeuf LLP,* 12-12321 (MG) (Docket No. 1902);  *In re BGI, Inc. f/k/a Borders Group, Inc.,* Case No. 11-10614 (MG) (Bankr. S.D.N.Y.) (Docket No. 922); *In re Lehman Brothers, Inc.,* Case No. 08-01420 (JMP) (Bankr. S.D.N.Y.) (Docket No. 2894).

**Stay of Requirement to Conduct Rule 26(f) Conference**

- The conference required by Federal Rule of Civil Procedure 26(f), made applicable pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan), shall be stayed until the completion of mediation and, if the Avoidance Action is not resolved through mediation or otherwise, then after the Defendant's response to the complaint is filed. Following the filing of the Mediator's Report and assuming the Avoidance Action was not resolved through mediation, the parties shall conduct a Rule 26(f) conference and submit a proposed discovery scheduling order (the "Scheduling Order") to the Court prior to or at the Pretrial Scheduling Conference (as defined herein).

**Stay of Requirement to Conduct Pretrial Conference**

- The conference required by Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016, shall be stayed until the completion of mediation. Upon the filing of the Mediator's Report, with respect to each Avoidance Action that is not resolved through mediation or otherwise, the Liquidating Trustee shall file with the Court and serve on the Defendant a notice of pretrial scheduling conference (the "Pretrial Scheduling Conference") to take place in the adversary proceeding at the next scheduled omnibus hearing; provided, however, that a minimum of fourteen (14) days notice of the Pretrial Scheduling Conference is required.

**Stay of Discovery**

- All formal discovery, including Rule 26 disclosures, shall be stayed until after (i) a Scheduling Order is entered and (ii) the Pretrial Scheduling Conference has occurred in accordance with these Proposed Procedures; provided, however, this stay of discovery shall in no way preclude the parties from informally exchanging documents and other information in an attempt to resolve an Avoidance Action in advance of, or during, the mediation process.

**Settlement of Avoidance Actions**

- As provided in Section 7.3 of the Plan, paragraph 11 of the Confirmation Order and Section 3.2(e) of the Trust Agreement, the Liquidating Trustee is authorized to compromise or settle the Avoidance Actions without Court approval. Accordingly, the Liquidating Trustee is not required to seek Court approval or an order under Bankruptcy Rule 9019 to consummate a settlement and/or dismiss any Avoidance Action.

**Stay of Filing Motions until After Mediation**

- Defendants are prohibited from filing any motions, including but not limited to, any motions under Federal Rule of Civil Procedure 12(b)(1) to (7) (made applicable by Bankruptcy Rule 7012) and under Federal Rule of Civil Procedure

56 (made applicable by Bankruptcy Rule 7056) until after the mediator files a Mediator's Report signifying that the mediation has concluded and a settlement has not been reached.

## Mediation Procedures and Requirements

- To the extent (a) an Avoidance Action has not been resolved and/or settled within thirty (30) days after an answer is filed or (b) an Avoidance Action was not referred to mediation prior to the Response Due Date, then said Avoidance Action (collectively, the "Remaining Avoidance Actions") shall be referred to mandatory mediation. Within forty-five (45) days following the filing of a Defendant's answer (the "Mediation Deadline"), the Defendant and the Liquidating Trustee shall jointly select a mediator (the "Mediator") from the list of mediators (the "Mediator List") attached to the Motion as Exhibit B. The Liquidating Trustee shall file on the respective adversary proceeding docket a notice of mediator selection (the "Notice of Mediator Selection") on or before the Mediation Deadline. If the parties are unable to agree on a mediator within two (2) weeks, the Liquidating Trustee shall assign a mediator from the Mediator List.

- Pursuant to the General Orders, the Mediator's fees and reasonable and actual expenses will be paid by the Liquidating Trustee. The Mediator's fees shall be fixed (the "Mediation Fee") as follows:

  o Cases with a claim amount (as reflected in the complaint) of less than $75,000: $3,000;

  o Cases with a claim amount (as reflected in the complaint) between $75,000 and $125,000: $4,000;

  o Cases with a claim amount (as reflected in the complaint) between $125,000 and $300,000: $5,000; and

  o Cases with a claim amount (as reflected in the complaint) over $300,000: $6,000.

- The Mediation Fee will be earned by the Mediator as follows:

  o 25% upon the filing of the Notice of Mediator Selection;

  o 25% upon the exchange of position statements; and

  o 50% following the occurrence of mediation, or if the mediation is canceled with less than 48 hours' notice.

- Promptly after the filing of the Notice of Mediator Selection, the Liquidating Trustee and Defendant's counsel shall jointly contact the selected Mediator to discuss the mediation. The mediation will be scheduled within sixty (60) days of the filing of the Notice of Mediator Selection.

- The mediation shall be held at the law offices of Liquidating Trustee's counsel, the Mediator's office, or at another location agreed upon by the Mediator, the Liquidating Trustee and the Defendant.

- Except as set forth herein, the mediation shall be conducted in accordance with Local Rule 9019-5.

- The parties shall provide to the Mediator, and exchange with each other, a copy of their position statements at least ten (10) days prior to the scheduled mediation. The Mediator may also require the parties to provide to the Mediator any relevant papers and exhibits as well as a settlement proposal.

- The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations and with the full authority to implement any additional procedures which are reasonable and practical under the circumstances.

- The length of time necessary to effectively complete the mediation will be within the Mediator's discretion.  The Mediator may also adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

- The parties shall participate in the mediation in good faith and with a view toward reaching a consensual resolution.  The mediation(s) shall be attended in person by (a) a representative of the Defendant with full settlement authority, and, if a Defendant is represented by counsel, their counsel and (b) counsel for the Liquidating Trustee with full settlement authority.  In special circumstances, the Mediator may authorize the Defendant's representative to appear telephonically (while Defendant's counsel must still appear in person).  Should a dispute arise regarding a Mediator's decision on whether to allow a party representative to appear telephonically rather than in person, a party may apply to the Court in advance of the mediation to rule on telephonic mediation by sending a letter to chambers outlining the issues, and the Court may then schedule a conference call to address the issues.

- No Mediator will mediate an Avoidance Action in which his/her law firm represents a party.  If a Mediator's law firm represents a Defendant in another Avoidance Action, the Mediator will take all steps necessary to establish an ethical wall as required by the Delaware Lawyers Rules of Professional Conduct.  So long as the ethical wall is effectively established and maintained, the Mediator's participation in the mediation process will not create a conflict of interest regarding the Mediator's law firm's representation of a Defendant in another Avoidance Action.

- All proceedings and writings incident to the mediation will be considered privileged and confidential and subject to all the protections of Federal Rule of Evidence 408, and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during mediation shall operate as an admission of liability, wrongdoing or responsibility.

- The mediation shall be conducted so as to be completed within one hundred and twenty (120) days after the date the Notice of Mediator Selection is filed, which deadline may be extended by the mutual consent of the Liquidating Trustee, the Defendant and the Mediator.

- Within ten (10) days after the conclusion of each mediation, the Mediator shall file a Mediator's Report in the Remaining Avoidance Action, which shall be limited to stating only (i) whether the Remaining Avoidance Action settled or did not settle; (ii) the date or dates the mediation took place; and (iii) the names of the parties and/or counsel who attended.

- Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Order with respect to mediation, may result in a default judgment against the Defendant or dismissal of the action. The Mediator shall promptly file a notice with the Court when any party fails to comply with the mediation provisions set forth in the Order.

24.    The Liquidating Trustee believes that the Proposed Procedures provide for an efficient means of resolving the Avoidance Actions prior to costly and time-consuming formal discovery. The Proposed Procedures will enable the parties to resolve the Avoidance Actions through the informal exchange of information and documentation without the substantial costs of formal discovery and litigation. Furthermore, even if the Proposed Procedures do not result in resolution of a particular Avoidance Action, the mediation process will be beneficial as it will allow the parties to understand the issues in dispute and thus be more focused and efficient going forward.

25.    The Proposed Procedures are consistent with the Bankruptcy Rules, the Local Rules and the spirit of the General Orders and are designed to further the goals of judicial economy and efficiency. Good cause exists for the Court to consider entry of the Proposed Order prior to any pretrial scheduling conference because the Proposed Procedures address preliminary scheduling matters and establish an efficient mediation program that is intended to reduce the number of Avoidance Actions that will require scheduling orders governing discovery and trial. To the extent that the Proposed Procedures deviate from the Local Rules,

the General Order, or otherwise applicable rules and orders, the Liquidating Trustee submits that such variations are warranted in light of the number of Avoidance Actions associated with this case, absent which it may be extremely difficult for this Court to administer these matters. Accordingly, the Liquidating Trustee believes that the Proposed Procedures are appropriate under the circumstances and in the best interest of the Liquidation Trust and the creditors of the Debtors' estates, as well as all other parties to the Avoidance Actions, and should be approved.

## NOTICE

26.    Notice of this Motion has been provided to:  (a) the Office of the United States Trustee for the District of Delaware; (b) all parties who have filed a notice of appearance and demand for the services of papers in this chapter 11 case; and (c) all Defendants to the Avoidance Actions.

## NO PRIOR REQUEST

27.    No other or prior motion for the relief sought herein has been made to this Court.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Liquidating Trustee respectfully requests that the Court grant the Motion in all respects, enter the Proposed Order, and grant such other and further relief as the Court deems just and proper.

Dated: September 24, 2015

**BLANK ROME LLP**

*/s/ Victoria A. Guilfoyle*
Michael B. Schaedle, Esq.
Victoria A. Guilfoyle, Esq. (DE No. 5183)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:    (302) 425-6400
Facsimile:    (302) 425-6464

-and-

**WHITEFORD, TAYLOR & PRESTON LLC**

*/s/ Chantelle D. McClamb*
Christopher M. Samis, Esq. (No. 4909)
Chad J. Toms, Esq. (No. 4155)
Chantelle D. McClamb, Esq. (No. 5978)
The Renaissance Centre
405 North King Street, Suite 500
Wilmington, Delaware 19801
Telephone:    (302) 353-4144
Facsimile:    (302) 661-7950

-and-

**HAHN & HESSEN LLP**
Edward L. Schnitzer, Esq.
Joseph Orbach, Esq.
Jeffrey Zawadzki, Esq.
488 Madison Avenue
New York, New York 10022
Telephone:    (212) 478-7200
Facsimile:    (212) 478-7400

*Co-Counsel for the Liquidating Trustee*

784000/010-5568808.4