## Exhibit 2
## AVOIDANCE ACTION PROCEDURES

### Stipulation to Extend Time for Defendants to Respond to the Complaint, Mediation before Response

- Without further order of the Court, the Liquidating Trustee and any Defendant may stipulate in writing to up to three (3) separate extensions of time for a Defendant to respond to the Complaint (the "Response Due Date"), with each extension to be no more than thirty (30) days each. The stipulation can be documented via electronic mail and shall not be filed.

- If the parties jointly agree in writing (which writing shall be filed in the adversary proceeding) to enter into mediation prior to the Response Due Date, the Response Due Date shall be deferred while the mediation is pending. If the mediation does not resolve the Avoidance Action, the Response Due Date shall be extended for an additional thirty (30) days following the filing of the mediator's report (the "Mediator's Report").

- Except as set forth above, further extensions of the Response Due Date shall not be granted except upon a motion approved by Order of the Court or by further stipulation of the Liquidating Trustee and Defendant.

### Stay of Requirement to Conduct Rule 26(f) Conference

- The conference required by Federal Rule of Civil Procedure 26(f), made applicable pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan), shall be stayed until the completion of mediation and, if the Avoidance Action is not resolved at the mediation, then after the Defendant's response to the complaint is filed. Following the filing of the Mediator's Report and assuming the Avoidance Action was not resolved through mediation, the parties shall conduct a Rule 26(f) conference and submit a proposed discovery scheduling order (the "Scheduling Order") to the Court prior to or at the Pretrial Scheduling Conference (as defined herein).

### Stay of Requirement to Conduct Pretrial Conference

- The conference required by Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016, shall be stayed until the completion of mediation. Upon the filing of the Mediator's Report, with respect to each Avoidance Action that is not resolved through mediation or otherwise, the Trustee shall file with the Court and serve on the Defendant a notice of pretrial scheduling conference (the "Pretrial Scheduling Conference") to take place in the adversary proceeding at the next scheduled omnibus hearing; provided, however, that a minimum of fourteen (14) days' notice of the Pretrial Scheduling Conference is required.

**Stay of Discovery**

- All formal discovery, including Rule 26 disclosures, shall be stayed until after (i) a Scheduling Order is entered and (ii) the Pretrial Scheduling Conference has occurred in accordance with these Proposed Procedures; provided, however, this stay of discovery shall in no way preclude the parties from informally exchanging documents and other information in an attempt to resolve an Avoidance Action in advance of, or during, the mediation process.

**Settlement of Avoidance Actions**

- As provided in Section 7.3 of the Plan, paragraph 11 of the Confirmation Order and Section 3.2(e) of the Trust Agreement, the Trustee is authorized to compromise or settle the Avoidance Actions without Court approval. Accordingly, the Liquidating Trustee is not required to seek Court approval or an order under Bankruptcy Rule 9019 to consummate a settlement and/or dismiss any Avoidance Action.

**Stay of Filing Dispositive Motions until After Mediation**

- Defendants are prohibited from filing any dispositive motions, including but not limited to, any motions under Federal Rule of Civil Procedure 12(b)(1) to (7) (made applicable by Bankruptcy Rule 7012) and under Federal Rule of Civil Procedure 56 (made applicable by Bankruptcy Rule 7056) until after the mediator files a Mediator's Report signifying that the mediation has concluded and a settlement has not been reached.

**Mediation Procedures and Requirements**

- To the extent (a) an Avoidance Action has not been resolved and/or settled within thirty (30) days after an answer is filed or (b) an Avoidance Action was not referred to mediation prior to the Response Due Date, then said Avoidance Action (collectively, the "Remaining Avoidance Actions") shall be referred to mandatory mediation. Within forty-five (45) days following the filing of a Defendant's answer (the "Mediation Deadline"), the Defendant shall select a mediator (the "Mediator") from the list of mediators (the "Mediator List"), that is attached to this order as Exhibit 2. The Trustee shall file on the respective adversary proceeding docket a notice of mediator selection (the "Notice of Mediator Selection") on or before the Mediation Deadline. If the parties are unable to agree on a mediator within two (2) weeks, the Trustee shall assign a Mediator from the Mediator List.

- Pursuant to the General Orders, the Mediator's fees and reasonable and actual expenses will be paid by the Liquidating Trustee. The Mediator's fees shall be fixed (the "Mediation Fee") as follows:

    o Cases with a claim amount (as reflected in the complaint) of less than $75,000: $3,000;

    o Cases with a claim amount (as reflected in the complaint) between $75,000 and $125,000: $4,000;

- o Cases with a claim amount (as reflected in the complaint) between $125,000 and $300,000: $5,000; and

- o Cases with a claim amount (as reflected in the complaint) of over $300,000: $6,000.

- The Mediation Fee will be earned by the Mediator as follows:

    - o 25% upon the filing of the Notice of Mediator Selection;

    - o 25% upon the exchange of position statements; and

    - o 50% following the occurrence of mediation, or if the mediation is canceled with less than 48 hours' notice.

- Promptly after the filing of the Notice of Mediator Selection, the Liquidating Trustee and Defendant's counsel (or the Defendant, if appearing *pro se)* shall jointly contact the selected Mediator to discuss the mediation. The mediation will be scheduled within sixty (60) days of the filing of the Notice of Mediator Selection.

- The mediation shall be held at the law offices of Liquidating Trustee's counsel, the Mediator's office, or at another location agreed upon by the Mediator, the Liquidating Trustee and the Defendant.

- Except as set forth herein, the mediation shall be conducted in accordance with Local Rule 9019-5.

- The parties shall provide to the Mediator, and exchange with each other, a copy of their position statements at least ten (10) days prior to the scheduled mediation. The Mediator may also require the parties to provide to the Mediator any relevant papers and exhibits as well as a settlement proposal. The Mediator may also require the parties to exchange documents.

- The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations and with the full authority to implement any additional procedures which are reasonable and practical under the circumstances.

- The length of time necessary to effectively complete the mediation will be within the Mediator's discretion. The Mediator may also adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

- The parties shall participate in the mediation in good faith and with a view toward reaching a consensual resolution. The mediation(s) shall be attended in person by (a) a representative of the Defendant with full settlement authority, and, if a Defendant is represented by counsel, their counsel and (b) counsel for the Liquidating Trustee

with full settlement authority. In special circumstances, the Mediator may authorize the Defendant's representative to appear telephonically (while Defendant's counsel must still appear in person). Should a dispute arise regarding a Mediator's decision on whether to allow a party representative to appear telephonically rather than in person, a party may apply to the Court in advance of the mediation to rule on telephonic mediation by sending a letter to chambers outlining the issues, and the Court may then schedule a conference call to address the issues.

- No Mediator will mediate an Avoidance Action in which his/her law firm represents a party. If a Mediator's law firm represents a Defendant in another Avoidance Action, the Mediator will take all steps necessary to establish an ethical wall as required by the Delaware Lawyers Rules of Professional Conduct. So long as the ethical wall is effectively established and maintained, the Mediator's participation in the mediation process will not create a conflict of interest regarding the Mediator's law firm's representation of a Defendant in another Avoidance Action.

- All proceedings and writings incident to the mediation will be considered privileged and confidential and subject to all the protections of Federal Rule of Evidence 408, and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during mediation shall operate as an admission of liability, wrongdoing or responsibility.

- The mediation shall be conducted so as to be completed within one hundred and twenty (120) days after the date the Notice of Mediator Selection is filed, which deadline may be extended by the mutual consent of the Trustee, the Defendant and the Mediator, *provided, however, that a notice of any extension shall be filed on the docket.*

- Within ten (10) days after the conclusion of each mediation, the Mediator shall file a Mediator's Report in the Remaining Avoidance Action, which shall be limited to stating only (i) whether the Remaining Avoidance Action settled or did not settle; (ii) the date or dates the mediation took place; and (iii) the names of the parties and/or counsel who attended.

- Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Order with respect to mediation, may result in a default judgment against the Defendant or dismissal of the action. The Mediator shall promptly file a notice with the Court when any party fails to comply with the mediation provisions set forth in the Order.

**Exhibit 2**

**MEDIATOR LIST**

1. Derek Abbot
2. David Banker
3. Ian Connor Bifferato
4. Mark Felger
5. Eric Haber
6. Raymond Lemisch
7. Paul A. Rubin
8. Mark Silverschotz